UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD E. MILES,

    Plaintiff,

v.

KURTISI DZEMALI, MELI
TRANSPORT, LLC, JOSE CARRANZA,
and EASTEX TRANSPORTATION,

    Defendant.

Case No. 23-cv-3768-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jose J. Carranza's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), motion to strike pursuant to Federal Rule of Civil Procedure 12(f), and motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 42). Plaintiff Donald E. Miles has responded to the motion (Doc. 49), and Carranza has replied to that response (Doc. 50).

This case arose from a three-vehicle, chain reaction traffic collision on the evening of October 21, 2021, on eastbound I-270 over the Chain of Rocks Bridge. Miles, the first in the line of three vehicles, filed this action in the Circuit Court for Madison County, Illinois, on October 5, 2023. Defendants Kurtisi Dzemali and Meli Transport, the second in the line of three vehicles, removed the case to federal court on November 22, 2023. Carranza, driving for defendant Eastex Transportation, was the third vehicle in line.

**I.  Service**

Carranza asks the Court to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. In a Rule 12(b)(5) motion, "[t]he plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing *Homer v.*

*Jones-Bey,* 415 F.3d 748, 754 (7th Cir. 2005)).  If the plaintiff does not meet this burden and does not have good cause for failing to do so, the court has discretion to either dismiss the suit or allow a time in which to serve the defendant.  *Cardenas*, 646 F.3d at 1005.

Miles served Carranza on June 10, 2024, by substitute service on an adult at his abode.  This was well beyond the 90-day deadline set forth in Federal Rule of Civil Procedure 4(m).  Carranza contends that to allow late service to be effective would prejudice him because the two-year Illinois statute of limitations for personal injury ran in October 2023, long before he was served.  He further asserts that the owner of his vehicle, Eastex has not been properly served and that he has missed out on the past discovery so he will be hampered in his defense.  He also points to the normal problems of fading memory associated with any delay.  He denies any responsibility for the delay and notes that Miles did not ask for any extension of time to serve him.

On the other side, Miles maintains he made valid, timely service because it was within 90 days of issuance of the summons.  He argues that he has good cause for failing to serve Carranza earlier.  Carranza's address was redacted from the traffic crash report, so he had to subpoena that information from the Illinois State Police once he officially filed a lawsuit.  Less than a week after he filed this suit in state court, he subpoenaed the unredacted report that contained Carranza's address.  Once Dzemali and Meli Transport removed this case, Miles obtained a summons and sent it for service to a local constable in Texas, where Carranza resided.  On December 29, 2023, the constable returned the summons indicating it did not serve federal papers.  Summons was reissued on April 1, 2024, and was served on June 10, 2024, by a local process server.  Miles argues that allowing late service will not prejudice Carranza since the scheduling order has been amended to delay discovery deadlines and trial.

It is clear that Miles did not timely serve Carranza.  Rule 4(m), which governs the time in which process must be served, provides, in pertinent part:

2

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).  Nothing in Rule 4(m) suggests the 90 days begin to run when summons is issued.  However, where a case is removed, the 90-day service clock starts on the day of removal.  *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 1 (7th Cir. 2018) (citing *Cardenas*, 646 F.3d at 1004).  Consequently, the deadline for serving Carranza was 90 days from November 22, 2023—February 20, 2024.  His June 10, 2024, service was 111 days late.

When service is not timely, Rule 4(m) requires a court to grant an extension if the plaintiff shows good cause, but leaves it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect.  *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).  Whether neglect is excusable is an equitable question that the Court should decide taking into consideration all the relevant circumstances.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008).  Those circumstances include the danger of prejudice to the party not seeking the extension of time, the length of the delay and its impact on judicial proceedings, the reasons for the delay (including whether the reason was in the movant's control) and the good faith of the movant.  *Pioneer Inv. Servs.* , 507 U.S. at 395; *McCarty*, 528 F.3d at 544.  The Court should also consider whether the statute of limitations has run.  *Panaras*, 94 F.3d at 341.

Miles has not shown good cause for the delay in service.  It is true that after he filed his state court complaint, he promptly sought to identify Carranza's address and to serve him by sending process to a local law enforcement officer.  However, when it became apparent that such a plan would not be effective, he waited nearly three months before seeking another summons and

embarking on another plan to serve Carranza. And when the Clerk's Office reissued summons on April 1, 2024, Miles did not provide it to an appropriate process server until more than two months later, on June 6, 2024. The process server served the summons and complaint within four days of receiving it. Miles has not explained his three-month delay in seeking a reissued summons or his two month delay in providing that summons to an appropriate process server. He has not established good cause for that delay.

      The Court finds, however, that Miles has established excusable neglect. The most important factor is prejudice to Carranza. The Court has just entered an amended scheduling order that will allow Carranza to fully participate in discovery, so he will not have missed anything in that regard, and the judicial proceedings will not be unduly delayed. The Court notes Miles's prompt initial efforts to obtain service, which were derailed because he did not select an appropriate process server. The five month delay in obtaining service of a reissued summons was not explained, but is not so long as to seriously make memories fade. The Court further notes that the statute of limitations ran shortly after Miles filed this lawsuit in state court. However, there is ordinarily a period after a lawsuit is filed where would-be defendants cannot rest because service on them may be forthcoming. Until then, they cannot have a reasonable expectation of finality. Carranza is within that reasonable period. So if the Court allows an extension to serve Carranza, it will not disturb any reasonable settled expectations he had of finality. On the other hand, if the Court dismissed Carranza from this suit, Miles may not be able to sue him again because the statute of limitations has run.[1]

      For these reasons, the Court exercises its discretion to find Miles has shown his neglect in failing to timely serve Carranza was excusable and warrants an extension of time to serve process.

---

[1] The impact on Carranza's defense by later or improper service on Eastex is not a factor in whether Miles's neglect was excusable for his service on Carranza.

The Court extends that time to June 10, 2024, and deems service on that day timely under Rule 4(m)'s extension provisions. The Court therefore denies Carranza's Rule 12(b)(5) motion to dismiss for insufficiency of service.

## II.     Strike

Pursuant to Federal Rule of Civil Procedure 12(f), Carranza asks the Court to strike Miles's allegations that he was negligent *per se* because he violated specific Federal Motor Carrier Safety Regulations (Count II, ¶ 54(a)-(t)). He contends that under Illinois law such rule violations can only be *prima facie* evidence of negligence but cannot support negligence *per se*. Miles agrees and asks for leave to amend his Complaint to remove reference to negligence *per se*.

As the parties agree that the language in question is improper, the Court will accept a corrected copy of the Complaint without the improper language in Count II. The Court encourages Miles so consider whether, in light of his admission here that the language should not be there and Federal Rule of Civil Procedure 11, he ought to omit it from Count I as well. Miles may file an Amended Complaint within seven days of this order that omits the improper language. The defendants who have already responded to the Complaint need not respond again to the Amended Complaint unless they wish to do so; their original Answer will apply to the Amended Complaint.

## III.    More Definite Statement

Carranza asks the Court to order Miles to provide a more definite statement under Federal Rule of Civil Procedure 12(e) because the Complaint does not adequately distinguish whether the allegations in Count II are directed to him or defendant Eastex, for whom he was driving. Those allegations are found particularly in ¶ 54. Miles contends that his pleading is sufficient and that he should not be forced at this time to specify facts where evidence of the defendants' respective duties and responsibilities lies in their hands.

Generally, liberal federal notice pleading rules require only that a complaint contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

Where a defendant thinks a complaint is too vague or ambiguous for it to respond intelligently or for the Court to handle the litigation effectively, it may move for a more definite statement under Rule 12(e). *See Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020). Under that rule, it is within the Court's discretion whether to order a party to provide a more definite statement, although such motions are not favored in view of the liberal federal pleading standards discussed above. *Lucas v. Blankenship Constr. Co.*, No. 22-cv-56-JPG, 2023 WL 7300216, * 1 (S.D. Ill. Nov. 6, 2023). More definite statements are most often reserved for complaints that are unintelligible, not those that simply lack detail. *See, e.g., Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 726 (7th Cir. 1986); *Stepp v. Covance Cent. Lab'y Servs., Inc.*, 931 F.3d 632, 634 (7th Cir. 2019) (noting that if a complaint were indecipherable, defendant could have sought a more definite statement); *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994); *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991). Discovery is a more appropriate vehicle for fleshing out the details of a case. *See Moore*, 869 F. Supp. at 560. Furthermore, courts are not receptive to such motions if the details sought could easily be obtained by the defendant. *See* 2 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 12.36[3] (3d ed. 2005).

The allegations of which Carranza complains are not indecipherable, but simply imprecise. The imprecision would be better fleshed out in discovery than in requiring Miles to provide more detail—which he likely will not have until discovery—in the Complaint.

IV.  Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** Carranza's motion (Doc. 42) as follows;

- **DENIES** Carranza's Rule 12(b)(5) motion to dismiss for insufficient service of process (Doc. 42);

- **ORDERS** that the time for service of Carranza is extended *nunc pro tunc* to June 10, 2024, and **DEEMS** service accomplished on that day timely under Rule 4(m)'s extension provisions;

- **GRANTS** Carranza's Rule 12(f) motion to strike;

- **ORDERS** that Miles shall have up to and including August 26, 2024, to file an Amended Complaint omitting the stricken language; and

- **DENIES** Carranza's Rule 12(e) motion for a more definite statement.

**IT IS SO ORDERED.**
**DATED:  August 19, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
