UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD E. MILES,

    Plaintiff,

v.

KURTISI DZEMALI, MELI TRANSPORT, LLC, JOSE CARRANZA,

    Defendants/Crossclaimants/Crossclaim Defendants,

and

EASTEX TRANSPORTATION,

    Defendant/Crossclaim Defendant.

Case No. 23-cv-3768-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Crystal Moctezuma d/b/a Eastex Transportation (named in the pleadings only as Eastex Transportation) ("Eastex") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) (Doc. 64). Plaintiff Donald E. Miles has responded to the motion (Doc. 65). Defendant Jose Carranza filed a similar motion to dismiss for insufficient service of process in July 2024. The Court denied Carranza's motion in August 2024 finding excusable neglect for failure to timely serve, and it extended the time for service to the date it was accomplished. Service on Eastex was even later than service on Carranza even though Miles was aware of Eastex's address from the beginning of this case in state court. The delay was because of inexcusable delinquency. Consequently, as explained below, the Court will decline to extend the deadline for service and will dismiss Miles's claims against Eastex.

**I.      Background**

This case arose out of a three-vehicle, chain reaction traffic collision on the evening of October 21, 2021, on eastbound I-270 over the Chain of Rocks Bridge. Miles, the first in the line of three vehicles, filed this action in the Circuit Court for Madison County, Illinois, on October 5, 2023. Defendants Kurtisi Dzemali and Meli Transport, the second in the line of three vehicles, removed the case to federal court on November 22, 2023. Carranza, driving for Eastex, drove the third vehicle in line. Miles sued all the defendants, who then sued each other in various crossclaims (Docs. 57 & 58).

**II.      Legal Standards**

Eastex asks the Court to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. In a Rule 12(b)(5) motion, "[t]he plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing *Homer v. Jones-Bey,* 415 F.3d 748, 754 (7th Cir. 2005)). If the plaintiff does not meet this burden and does not have good cause for failing to do so, the court has discretion to either dismiss the suit or allow a time in which to serve the defendant. *Cardenas*, 646 F.3d at 1005. Furthermore, if the statute of limitations expires before service was accomplished and no extension of time for service is granted, dismissal with prejudice is appropriate. *Id.* at 1008.

Federal Rule of Civil Procedure 4(m) governs the time in which service must be made and when extensions are granted. That rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). This rule requires a court to grant an extension if the plaintiff shows good cause but leaves it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

Whether neglect is excusable is an equitable question that the Court should decide taking into consideration all the relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). Those circumstances include the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reasons for the delay (including whether the reason was in the movant's control) and the good faith of the movant. *Pioneer Inv. Servs.*, 507 U.S. at 395; *McCarty*, 528 F.3d at 544. The Court should also consider whether the statute of limitations has expired when exercising its discretion to dismiss the case or extend the 90-day deadline. *Panaras*, 94 F.3d at 341.

### III.   Analysis

Miles served Eastex on September 6, 2024, by personal service on Moctezuma. This was well beyond the 90-day deadline set forth in Federal Rule of Civil Procedure 4(m). Eastex calculates that service was made 337 days after the Complaint was first filed in state court, 289 days after removal to federal court, and 199 days after the 90-day period provided in Rule 4(m). It argues that Miles has not been diligent in attempting service on Eastex at an address that was listed in his original Complaint. Eastex further notes that there is no evidence it evaded service at that address. It argues that it is prejudiced because the two-year Illinois statute of limitations for personal injury ran in October 2023, nearly a year before it was served. It also points to the normal problems of fading memory and potential lost documents and records associated with any

delay. It further notes that Miles did not ask for any extension of time to serve Eastex.

On the other side, Miles maintains that he has good cause for failing to serve Eastex earlier. Eastex's address was redacted from the traffic crash report, so he had to subpoena that information from the Illinois State Police once he officially filed a lawsuit.[1] Less than a week after he filed this suit in state court, he subpoenaed the unredacted report that contained Eastex's address. The report did not indicate Moctezuma and Eastex were one and the same. Miles took no further action on service before Dzemali and Meli Transport removed this case in November 2023. Miles then obtained another summons and sent it for service to a local constable in Texas, where Eastex resided. On December 29, 2023, the constable returned the summons indicating it did not serve federal papers. Summons was reissued on April 1, 2024, but was returned unexecuted on April 22, 2024, because the address given, which was not the address listed on the original Complaint, did not exist. Miles tried again with a different address on May 30, 2024, but learned on July 16, 2024, that service had been made on a defunct entity with a similar name. Summons was reissued on August 12, 2024, and was finally personally served properly on Moctezuma at the address on the original Complaint on September 6, 2024. This was almost three years after the accident at issue in this case.

Miles believes he has established good cause because he acted in good faith and reasonably relied on others to identify and serve Eastex at the proper address. Miles argues that allowing late service will not prejudice Eastex since the scheduling order has been amended to delay discovery deadlines and trial and since Eastex will remain in the case as a crossclaim defendant anyway.

---

[1] This is belied by the fact that Miles, indeed, accurately listed Eastex's address on his original Complaint filed in state court on October 5, 2023.

It is clear that Miles did not timely serve Eastex. Rule 4(m) allows 90 days for service. Where a case is removed, the 90-day service clock starts on the day of removal. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 1 (7th Cir. 2018) (citing *Cardenas v. City of Chi.*, 646 F.3d 1001, 1004 (7th Cir. 2011)). Consequently, without any extensions, the deadline for serving Eastex was 90 days from November 22, 2023—February 20, 2024. His September 6, 2024, service was 199 days late.

Miles has not shown good cause for the delay in service. It is true that after he filed his state court complaint, he promptly sought to identify Eastex's address from the crash report (Doc. 65-2). However, he already knew that address as confirmed by his original Complaint (Doc. 2-1). It is true that service was delayed when he sent properly directed process to a local law enforcement officer, but he was not aware at the time that the local official did not serve federal papers (Doc. 28). When it became apparent that such a plan would not be effective, he waited nearly three months—to April 1, 2024—before seeking another summons listing the correct address (Doc. 30) and embarking on another plan to serve Eastex. He then waited nearly two months later—until May 29, 2024—to provide the summons to a process server who, for some reason, served the process at a different, incorrect address (Doc. 35). Miles discovered this on or around July 16, 2024 (Doc. 65-6), and about three weeks later sought a new summons (Doc. 51). Moctezuma was then personally served on September 6, 2024 (Doc. 59). Miles has not explained why he did not act promptly to serve Eastex when he knew its address at the time he commenced this litigation. He also had unexplained delays between each of his service efforts without any attempt to seek an extension from the Court. He has not established good cause for that delay.

Unlike with the late service on Carranza, the Court finds Miles has not established

5

excusable neglect. Miles has offered no valid excuse for failing to serve a party for almost a year *whose address he knew when he filed the complaint*. Nor has he offered any valid excuse for failing to ask the Court for an extension of time for service once it became apparent he could not meet the deadline. And while Eastex has not pointed to a specific instance of prejudice, it is generally prejudiced from having to defend a lawsuit nearly a year after the expiration of the two-year statute of limitations, which should have given it an assurance of finality. Eastex's ability to participate in discovery will necessarily be impaired since the discovery deadline is only four months away, and extension of that deadline to allow Eastex's full participation would unnecessarily delay the trial of this case.

The Court notes that the statute of limitations ran shortly after Miles filed this lawsuit in state court. It is true that there is ordinarily a period after a lawsuit is filed where would-be defendants cannot rest because service on them may be forthcoming. Until then, they cannot have a reasonable expectation of finality. Eastex is well beyond that reasonable period and is entitled to its reasonable settled expectation of finality.

Eastex's situation is distinguishable from Carranza's. With Carranza, whose service was 111 days late, Miles necessarily had to spend time investigating the proper address for service. Not so with Eastex, whose address Miles knew from day one. Granted, there were problems in obtaining a process server, but Miles did not respond promptly to those delays with the urgency that characterizes diligence. Instead, he inexcusably delayed until service was 199 days late.

For these reasons, the Court finds Miles has not shown good cause or excusable neglect for his failure to timely serve Eastex. Pursuant to Rule 4(m), the Court exercises its discretion not to extend the deadline for service of Eastex. And Miles having failed to establish jurisdiction over Eastex by sufficient service, the Court will dismiss his claims against Eastex pursuant to

Rules 4(m) and 12(b)(5). The dismissal will be with prejudice since the statute of limitations has run for Miles's claims against Eastex. *See Cardenas*, 646 F.3d at 1008.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Eastex's motion to dismiss (Doc. 64), **DISMISSES** Miles's claims against Eastex **with prejudice**, and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  January 23, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
